UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GEORGE MUNTER,

    Plaintiff,

v.                                                         CASE NO. 8:16-cv-2706-T-23TGW

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**ORDER**

    In this appeal from the denial of Social Security disability benefits, Magistrate Judge Wilson recommends (Doc. 29) affirming the Commissioner's decision. Plaintiff George Munter objects (Doc. 30 ) and argues that a medical assessment conducted more than a year after the denial of benefits warrant reversing the Commissioner's decision.

    On April 14, 2015, the administrative law judge denied Munter's application for disability benefits. In August 2015, the Appeals Council denied Munter's request for review. In the appeal, Munter argues that a May 13, 2016 opinion by Dr. Jaishree Manohar and a June 28, 2016 assessment by Dr. Melissa Fickey compel reversal. Before the district court determines whether new evidence renders the Commissioner's decision contrary to the weight of the evidence in the administrative record, the plaintiff must show that the new evidence "relates to the period on or

before" the administrative law judge's decision. *McGriff v. Comm'r, Soc. Security Admin.*, 654 Fed.Appx. 469 (11th Cir. June 30, 2016). Magistrate Judge Wilson found that Munter forfeited the argument about the new evidence by "mak[ing] no attempt to show that he met all of the elements necessary to establish that the Appeals Council erred." (Doc. 29 at 43) Even if Munter asserted the argument about Fickey's and Manohar's opinions, Magistrate Judge Wilson correctly observes that Munter fails to show that the opinions "relate to the time of or before the" April 14, 2015 denial. (Doc. 29 at 44–47)

In the objection, Munter states that Fickey "will submit a new form showing that the opinion related to the period on, or before" the administrative law judge's decision and that Fickey "was unable to submit the additional evidence . . . before the fourteen-day objection period." (Doc. 30 at 3) Munter sued in September 2016, and the time to present new evidence expired long ago. In any event, a memorandum alerted Munter on September 15, 2017 to the defects in Fickey's opinion. (Doc. 26 at 17) Munter offers no explanation why Fickey could not have submitted the "new form" between September 15, 2017 and the present. Additionally, the Commissioner correctly observes that Munter fails "to establish that any new opinion from Dr. Fickey warrants remand under sentence six of 42 U.S.C. § 405(g)." (Doc. 31 at 2) Munter's objection (Doc. 30) is **OVERRULED**, the report and recommendation (Doc. 29) is **ADOPTED**, and the Commissioner's decision is **AFFIRMED**. In accord with 42 U.S.C. § 405(g), the clerk is directed (1)

to enter judgment for the Commissioner of Social Security and against George Munter and (2) to close the case.

ORDERED in Tampa, Florida, on February 21, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE